# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES — GENERAL

| | | | |
|---|---|---|---|
| Case No: | CV 01-7748 NM (AJWx) | Date: | June 2, 2003 |

Title:  **SAROYAN LUMBER COMPANY, INC. v. EL & EL WOOD PRODUCTS CORPORATION et al.**

---

**DOCKET ENTRY**

---

**PRESENT**

HON.   HARRY L. HUPP  , JUDGE

| Carolyn Trump | Cynthia L. Mizell |
|---|---|
| Deputy Clerk | Court Recorder |

| ATTORNEY PRESENT FOR PLAINTIFFS: | ATTORNEY PRESENT FOR DEFENDANTS: |
|---|---|
| Curtis A. Westfall (Westfall & Associates) | Marjorie A. Marenus (Law Offices of Marjorie A. Marenus) |

PROCEEDINGS:  DEFENDANTS' MOTION FOR SUMMARY JUDGMENT, OR, IN THE ALTERNATIVE, FOR SUMMARY ADJUDICATION OF DEFENSES

PLAINTIFFS' MOTION TO WITHDRAW DEEMED ADMISSIONS

ORDER  (also, if applicable, findings and memorandum opinion):

SEE PAGE 2



ENTERED ON ICMS
JUN - 4 2003
CV

CV01-7748-NM
6/2/03
Page Two

The motion of plaintiff Saroyan Lumber Company, Inc. (hereafter Saroyan) to set aside admissions occurring by failing to respond to requests for admission served 12/27/02 by defendant El & El Lumber Corporation (hereafter El & El) is denied. The motion of defendant El & El for summary judgment is granted and the action is dismissed by judgment signed and filed this date. The alternative motions of defendant El & El are placed off calendar as moot. This order and judgment adjudicates matters only in this action (CV 01-7748 NM) but not any issues pending in the related action (CV 98-0720 NM).

These two matters have been transferred to this court for decision of these motions. Further matters, if any, in this action will be handled by Judge Manella.

There needs first to be decided the motion of Saroyan to set aside its admissions to the request for admission served 12/27/02. FRCP 36(a) provides that failure to answer requests for admissions within 30 days leaves the admissions "deemed admitted." No answer or objections to the request for admissions was filed within 30 days, or at all. On Feb. 10, 2002, counsel for El & El wrote counsel for Saroyan, calling attention to the fact that the admissions had not been answered and were therefore deemed admitted. No response to this letter was made and no motion was made to set aside the admissions. The discovery cut-off passed on 2/28/03. The pretrial conference is set on 8/4/03. The motion for summary judgment now set for this date was filed on 4/8/03. Only after the motion for summary judgment was filed did Saroyan on 4/22/03 belatedly move to set aside its admissions. The motion comes too late. FRCP 36(b) allows the court in its discretion to relieve a party of its admissions if trial on the merits would be served and lack of prejudice to the propounding party is shown. Here, trial on the merits would be served by setting aside the admissions (which obviate the whole lawsuit), but substantial prejudice is shown by El & El. With the discovery cut-off having passed, El & El could not now do discovery on the items otherwise admitted by failure to answer the requests for admissions. No satisfactory excuse for ignoring the requests for

CV01-7748-NM
6/2/03
Page Three

admissions, or failing to earlier move to set aside the admissions, even after the reminder letter, is set forth, with the exception of a statement of a conclusion that the attorneys were in trial. Prejudice being shown, the motion to set aside the admissions is denied.

The motion of defendant El & El for summary judgment is granted. There remains active in this action Saroyan's 3d count (copyright infringement), 4th count (breach of contract), 5th count (breach of the implied covenant), 7th count (intentional interference with prospective business advantage), 10th count (constructive trust) and 11th count (accounting. The 4th, 5th, 7th, 10th, and 11th counts, however, do not state claims if there is no copyright infringement. Copyright infringement is wholly obviated by the admissions, particularly the admission to requests for admission numbered 5, 9, 10, 11, and 12. With regard to catalog number 9 (the subject of this suit), the admissions admit that El & El did not distribute any of Saroyan's copyrighted work, including artwork, to its customers, that El & El did not directly copy Saroyan's original copyrighted work, and that El & El did not copy Saroyan's copyrighted catalog layout. There is nothing left of the copyright claim. With the fall of the copyright claim also go the remaining claims, which depend on the validity of the copyright claim (and may indeed be preempted by it, although that is beyond the subject of this motion for summary judgment).

The summary judgment motion must be granted and judgment is signed and filed this date.

cc: Hon. Nora Manella

A:017748NM.62